### WILLIAM Y. GADBERRY *v.* JAMES PERRY et ux.

The statute of 1846 (Hutch. Co. 728, § 3) confers upon the probate courts power to entertain bills of review according to the rules prevailing in courts of chancery, and also authorizes the probate courts to entertain proceedings to surcharge and falsify an account, and to extend that power to the final settlements of executors, guardians, &c.; provided proceedings are commenced within two years from the date of such settlements.

ON appeal from the probate court of Yazoo county; Hon. Geo. B. Wilkinson, probate judge of Yazoo county.

The appellees filed a bill of review in the probate court of Yazoo county, surcharging and falsifying the interlocutory and final settlements of appellant, (Gadberry,) as guardian of Mrs. Perry, while a minor; it points out many improper items in his allowance, and shows that during the whole time of his guardianship he obtained but one order allowing him to exceed the income, but that he had so managed as to consume not only the income but the capital, and on final settlement brought her in debt; it prays that his accounts be reviewed and corrected, and that the guardian be charged with the whole amount received by him, less the $150 authorized by the probate

court; but if this cannot be done, then that the numerous errors specified in the bill be corrected, and appropriate charges made.

Defendant demurred to the bill, assigning for cause : —

1. The bill sets up no new matter arisen since date of decree.

2. No discovery of new proof not known at final settlement.

3. No fraud in obtaining the decree, or any other ground shown for setting it aside.

The court overruled the demurrer, and Gadberry appealed to this court.

*Gibbs* and *Bowman* for appellants.

The appellants demurred to bill, and the demurrer was overruled, which is the error complained of. If this bill would be demurrable in a court of equity, by the terms of the act it was demurrable in the probate court. It is certainly faulty in every essential particular, and would not be entertained by any chancellor. The requisites of a bill of review are few and well defined. A bill of review can only lie for error in law, apparent on the decree itself, or for new matter which has arisen since the decree was enrolled, or discovery of new proof which could not be used at the hearing. Story, Eq. Pl. § 404, 412, 413, 414 ; 3 Johns. R. 124 ; 3 How. 276 ; Ib. 377.

The legislature, by the act of 1846, (Hutch. Co. 728,) did not intend·to subject a party not bound by law to answer to go beyond the first judgment or decree, which might be full defence. It would be very oppressive upon defendants if they could not test the judgment on demurrer until they had been annoyed and harassed with a long, tedious, and ill-natured suit. The correction in the high court of the judgment on demurrer, by the court below, would be of no service then. Suppose upon the face of a bill of review it should be apparent that complainant was barred by the statute of limitations, and there should be a demurrer which would raise the question of the statute of limitations, and the demurrer should be overruled, — would defendant, notwithstanding, be compelled to litigate the whole case

through, before he could appeal and have the protection the law has given him? We beg to assure the court we should not say one word upon this question, did we not regard this case as essentially different from the case of *Prewett* v. *Crump*, 1 Cushm., as we would not argue upon a principle directly settled by the court.

*N. G.* and *S. E. Nye* for appellees.

The act of March 6, 1846, (Hutch. Co. 728,) which gives the bill of review in the probate court, appears to have been passed for the express purpose of meeting emergencies of this kind. The language is: " Any person interested may, at any time within two years after final settlement, by bill of review, open the account of any executor, administrator, or guardian, and surcharge and falsify the same." From this, we think our construction is certainly the correct one, unless the word " account" means " decree," which cannot be contended.

We think that, from the decision of this court in the case of *Austin* v. *Laman*, 23 Miss. R. 192, the guardian is certainly chargeable with the full amount received by him, less the $150, for which he had an order of the court.

Mr. Justice HANDY delivered the opinion of the court.

This was a petition filed in the probate court of Yazoo county, by the appellees, to surcharge and falsify the final account of the appellant as guardian of the appellee Mary Perry, a minor. The petition was filed within two years after the settlement was made, and sets forth various errors and false charges in the account, which are sought to be corrected and falsified. The appellant demurred to the petition on the ground, 1st, that no new matter, arisen since the final settlement, nor new proof discovered, is shown; 2d, that no fraud or other sufficient ground for setting aside the statement is shown by the petition. The demurrer was overruled, and this appeal taken.

It is insisted, in behalf of the appellant, that the act of 1846, Hutch. Dig. 728, § 3, under which this proceeding was taken, does not authorize the review of a final settlement in the probate

Gadberry v. Perry et ux.

court, except in cases of error apparent in the account itself, or new facts, or facts discovered since the settlement was made; and that such a review can only be had upon a similar state of case to that in which a bill of review would be entertained by a court of chancery.

The act referred to, in the first place, gives to the probate courts power to entertain bills of review generally, " in the same manner and according to the same rules as the same are entertained by courts of equity." It further provides, that " in proceedings for the final settlement of any executor, administrator, or guardian, any person interested may, by bill of review, open and cause to be examined by the court, any annual or partial settlement, &c., and surcharge and falsify the accounts rendered upon such annual or partial settlement; and any person interested may, at any time within two years after final settlement, by bill of review, open the account of any executor, administrator, or guardian, and surcharge and falsify the same," &c.

It appears to be clear from the provisions of this act, not only that the power to entertain bills of review, according to rules prevailing in a court of equity, was intended to be conferred on the probate courts, but also that that power should be exercised in all cases in which it would be competent for a court of chancery to entertain proceedings to surcharge and falsify an account, and to extend that power to the final settlements of executors, &c. These two subjects of chancery jurisdiction seem to be combined in one proceeding, by which the settlements of executors, guardians, &c. may be reviewed and surcharged and falsified within two years from the date of such settlements.

Tested by the rules applicable to surcharging and falsifying accounts, we think this petition sufficient on that ground, and that the demurrer was properly overruled.

The decree is affirmed, and the case remanded for further proceedings.

Mr. Justice FISHER delivered the following dissenting opinion.

The probate court may, under the third section of the statute of 1846, Hutch. Code, 728, entertain bills of review, " for the

correction of any interlocutory order, or final decree, upon the same terms, in the same manner, and according to the same rules as the same are entertained by courts of equity."

The question arises upon this section, whether a party, who is of full age, who has been duly summoned to make his objections to the final account, and who has failed to attend court, or make his objections at the proper time, shall have the privilege of filing his bill of review, at any time within two years from the final settlement, without showing some sufficient reason for not making his objections to the account on final settlement. The majority hold that it is only necessary for him to allege that the account is incorrect in certain respects, without giving any reason for omitting to show these matters at the proper time. I dissent from this construction of the statute. The law requires every litigant to be diligent in prosecuting or defending his rights. He must attend at court at the time he is summoned, or omit to do so at his peril. It is the policy of the law, that all judgments pronounced in proceedings when all parties interested have been duly summoned, should be final and conclusive as to the matters to which they relate. A party who has had his day in court, and who has omitted to make his defence, must not only show that he has a good defence, but that he could not make it at the time the judgment was rendered.

This rule applies to all courts. All parties are bound to exercise diligence. Now suppose a cause in a court of equity; the defendant is duly summoned, he fails to attend court, or make any defence whatever, and the court pronounces a final decree in favor of the complainant, which, according to the pleadings and proof, appears to be correct. Can the defendant in such case prosecute his bill of review, without first giving a valid excuse for not making his defence at the proper time? Most certainly not, unless the matter has been discovered since the decree. The majority, however, hold that any person interested in the final settlement, though he may have been duly summoned, may nevertheless omit to attend court, and take the two years to prepare his defence after the final decree in the probate court. It may be said, and, indeed, has been said, in

discussing the question, if the administrator's or guardian's account is correct, it will be an easy matter for him so to show it, and he will therefore be in no danger of suffering by the proceeding. Grant it. An honest and prudent man, who has taken the proper steps to bring the parties before the court at the proper time, ought not to be subjected to further annoyance, and the additional expense of counsel fees, &c. The rule laid down by the majority is well calculated to deter all prudent and honest men from undertaking trusts of this kind.

My opinion, therefore, is, that the probate court should entertain a bill of review, touching a final settlement, only in those cases where a chancellor would entertain it to the final decree. The latter clause of the section is only a statute of limitations.

I think the demurrer ought to be sustained.