BRIGHT v. BRIGHT.

(Division A. March 24, 1930.)

[126 So. 901. No. 28540.]

Fred B. Smith, of Ripley, for appellant.

L. T. McKenzie, of Ashland, for appellee.

**McGowen, J.,** delivered the opinion of the court.

J. D. Bright, administrator cum testamento annexo of the estate of Mrs. I. Bright, deceased, filed his final account therein setting up his receipts and disbursements. C. B. Bright was summoned as a party interested under the statute, and appeared at the term of court to which the process was returnable and filed exceptions to the final account, the main exceptions—which were fully set forth in detail—being that the administrator had claimed and accounted for certain shares of stock in the Ashland Branch of the Blue Mountain Bank, which the exceptor, C. B. Bright, claimed by virtue of a certain conveyance, and that certain notes amounting to sixty dollars had not been accounted for. These exceptions were filed on April 2, 1928. At the October, 1928, term of chancery court of Benton county, the issues involved in the matter were taken under advisement by the chancellor to be heard in vacation, on November 17, 1928, in chambers at Senatobia, Mississippi, and an order to this effect was entered.

On the date for the hearing in vacation, the attorney for the administrator appeared before the chancellor, but neither the exceptor nor his counsel came. Thereupon the court entered an order further continuing the case in vacation to be heard at Oxford, Mississippi, on the 27th day of November, 1928, on which date the exceptor and his counsel again failed to appear, and the court then entered its final decree disallowing all the exceptions and dismissing same, and rendering judgment against the exceptor, C. B. Bright, for the costs accrued by reasons of his exceptions, and directing that execution therefor be issued. The exceptor did not prosecute an appeal from this decree.

Subsequently, on March 11, 1929, the exceptor, C. B. Bright, filed his bill to reopen, falsify, and surcharge said final account, and as grounds therefor alleged substantially, in detail, the same grounds as were alleged in the exceptions disposed of by the court. At the April term of the court, the petition or bill was dismissed and its prayer denied. Evidence was offered as to what occurred between counsel relative to the first hearing. It is sufficient to say that the evidence disclosed that neither the administrator nor his counsel was in any way to blame for the failure of the exceptor and his counsel to appear and prosecute the exceptions; in fact, there was evidence in the court below which, if believed by the chancellor, would justify the conclusion that the exceptor had been, in person, notified by counsel for the administrator of the date and place on which the account was to be finally heard after their nonappearance at Senatobia. The court having declined to hear any evidence on the merits of the bill or petition to reopen, falsify, and surcharge the final account, a decree was entered denying relief and dismissing the petition of exceptor, from which he appeals here.

The appellant, the exceptor, contends here that, under the statute, he was entitled to have the account reopened, falsified, and surcharged at all events as a matter of right, and stands upon a literal construction of the language of the statute which authorizes the reopening of final accounts. The decision of this question requires from us a construction of section 1882, Hemingway's 1927 Code, section 2136, Code of 1906, which reads as follows: "Any person interested may, at any time within two years after final settlement, by bill or petition, open the account of any executor, administrator, or guardian, and surcharge and falsify the same, and not after, saving to minors and persons of unsound mind the same time after the removal of their disabilities; and such bills or petitions may be filed without leave of the court or chan-

cellor, and evidence shall be admissible in such cases to show the falsity of the account; and such bills and petitions shall not be governed by the rules applicable to bills of review in chancery, but in such cases it will be the duty of the court to correct any errors of law or fact occurring in the final settlement of the executor, administrator, or guardian.''

It is the contention of counsel that notwithstanding the appellant's appearance in the court below by exceptions to the final account, and the adverse judgment rendered against him, he is entitled to present again his bill or petition for reopening, falsifying, and surcharging the final account on the same grounds and for the same reasons presented in the exceptions. Unmistakably, the record shows that appellant was a party in interest; that his petition was filed within the two years allowed by the statute; and that he did set forth matter and facts which, if true, would show the incorrectness of the final account. The question presented here is: May a party in interest, when summoned to appear on the final account, file his written exceptions to an account, and after a decree has been entered against him disallowing and dismissing such exceptions, under the statute quoted supra, again have a hearing on the same matter in the same court?

This precise question has never been presented to this court before. In the case of Gadberry v. Perry, 27 Miss. 114, the appellees filed, in the probate court of Yazoo county, their petition to surcharge and falsify the final account of the appellant as guardian of a minor. The petition was filed within the time allowed setting up various errors and false charges in the account. The appellant demurred to the petition on the ground that no new matter had arisen since final account was taken, nor any new evidence discovered, nor fraud or other matter shown for setting the petition aside. The court considered Hutchins' Digest, 728, section 3, and held

that the petition was sufficient, and that it conferred power on the probate courts to entertain proceedings to surcharge and falsify an account and to extend that power to the final settlements of executors, etc. This case was cited in Bowen v. Seale, 45 Miss. 43.

In the case of Gray v. Harris, 43 Miss. 421, this court held that where an administrator has filed his final account for settlement of his trust, and exceptions thereto are filed, the proceedings are in the nature of a suit between the parties, the progress of which each must observe at his peril; and the administrator will not be allowed to complain that proceedings were had without notice to him. In the Harris case the party in interest filed exceptions before the accounts were approved, and the case was continued for a time and appears to have been heard by the lower court at a time when the administrator was not present and the account was surcharged. His complaint was that the issue was heard and decided without his knowledge. The court there held, under a similar statute, that the proceedings were in the nature of a suit between the parties, and the progress of the suit must be observed by each party.

We do not believe that the broad language of the statute should be so construed as to permit parties to relitigate the same question under the guise of reopening, falsifying, and surcharging an account. The decree rendered by the court in the instant case was one adverse to the exceptor, from which he had the right of appeal from the final judgment, but which was not asserted by him. The fact that he did not follow the progress of his suit after filing the exceptions does not alter the integrity of the judgment. The judgment disallowing the exceptions and taxing the appellant with costs conferred a right upon the opposite party, the administrator cum testamento annexo, the appellee, deprived the appellant, the exceptor, of a right, and created a liability for costs against him. The decree finally disposed of the matter

then being specially litigated, and same could not be relitigated except under such circumstances as would warrant a bill of review in equity, which are not set up or asserted in the proceeding here before us. The statute here under review does not, in our opinion, grant two trials upon the same issue—one trial upon the exceptions to the account, and having lost that, another trial upon a petition to reopen, falsify, and surcharge the account upon precisely the same issue. The final account is in the nature of an ex parte proceeding unless and until exceptions are filed by parties in interest who are required to be summoned. In other words, the statute, as we construe it, means that all parties in interest who have not excepted to the account may have it reopened, surcharged, and falsified at any time within the two-year period, but the statute does not grant the right to so reopen the account to those who have appeared and litigated their objections to the same. The statute does not permit, nor was it ever intended to retry de novo the issue and facts adjudicated on exceptions to a final account. The effort here is one to have reviewed facts and issues already actually litigated and judgment final rendered thereon. The exceptions, the hearing, and decree thereon were tantamount to a surcharge of the account.

Affirmed.