584 So.2d 1284 (1991)
Keith B. LOSE
v.
ILLINOIS CENTRAL GULF RAILROAD COMPANY.
No. 90-CA-0426.
Supreme Court of Mississippi.
August 21, 1991.
Dean Andrews, Jr., Vicksburg, for appellant.
Charles T. Ozier, Wise Carter Child & Caraway, Jackson, Burkett Martin, Teller Martin Chaney & Hassell, Vicksburg, for appellee.
Before DAN M. LEE, P.J., and PRATHER and PITTMAN, JJ.
PRATHER, Justice, for the Court:

I. INTRODUCTION

A.
In December 1984, Keith B. Lose filed a complaint in the Warren County Circuit Court against his employer, Illinois Central Gulf Railroad Company (ICG), for injuries he sustained during the course of his employment. The complaint culminated in a settlement between Lose and ICG, and in view of the settlement, the circuit judge dismissed the case with prejudice.
In December 1987, Lose filed a motion under Miss.R.Civ.P. 60(b) requesting that the settlement and judgment be set aside. The judge denied the motion, and Lose appealed. This Court affirms.

B.
On January 26, 1982, in Mobile, Alabama, Lose injured his knee in an accident that occurred while attempting to uncouple two moving train cars. On December 6, 1984, he filed a complaint against ICG under the Federal Safety Appliance Act and the Federal *1285 Employers' Liability Act. Lose contended that ICG was liable for his injury and, thus, he requested damages in the amount of $1,500,000.00.
With the advice of able counsel, Lose agreed to settle the case with ICG. On April 29, 1985, Lose signed a document entitled "Final Settlement and Full and Complete Release"  releasing ICG from any and all claims, demands, suits, actions, causes of action, and damages suffered on account of his injuries. In consideration for this release, ICG paid Lose $450,000 and assumed unlimited medical expenses for a period of one year. In view of this settlement, the circuit judge dismissed the case with prejudice.
On December 11, 1987, Lose filed a Rule 60(b) motion and requested the circuit judge to re-open the case. Lose based his request on the allegation that, subsequent to the settlement, the extent of his injury had unforeseeably worsened. He alleged that additional injury-related surgery was required and, ultimately, his leg had to be amputated above the knee. As a consequence, Lose alleged that he "incurred out of pocket expenses in excess of $185,000." Lose also alleged that these facts evidence "mutual mistake" and "inadequate consideration" and, therefore, the settlement should be declared null and void and the case should be re-opened.
The circuit judge denied Lose's motion:
The only grounds the court could possibly consider setting aside the dismissal and re-open would be under Rule 60(b)(6). The [United States] Supreme Court in an analogous situation interpreted the authority of the courts under the Federal Rule 60(b)(6). That case involved a petitioner who was represented by counsel and who did not appeal an adverse decision which was subsequently determined to be in error. The Court stated:
"Petitioner made a considered choice not to appeal.... His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong, considering the outcome of the Keilbar case. There must be an end to litigation someday, and free calculated deliberate choices are not to be relieved from" 71 SC & 211-212.
This court, although it feels empathy for the plight of the plaintiff, does not feel that as a matter of law that the case can be re-opened.
Lose appealed and presented one issue for this Court's disposition:
The sole issue before this Court is whether or not the trial court erred when denying the Motion to Re-open Appellant's case, and stating as its grounds that, "as a matter of law," it could not re-open the case, when in fact, the granting or denying of said Motion under Rule 60(b) is addressed to the complete discretion of the trial court. The failure of the trial court to use its discretion in granting or denying said Motion, but rather, thinking as a matter of law, it had no discretion, was error.

II. ANALYSIS

A.
Rule 60(b)[1] provides that:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(4) the judgment is void;

*1286 (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.
Generally, consideration of a Rule 60(b) motion requires that a "balance ... be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality."[2]Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss. 1984) (citing House v. Secretary of Health & Human Servs., 688 F.2d 7 (2d Cir.1982)); accord Guaranty Nat'l Ins. Co. v. Pittman, 501 So.2d 377, 388 (Miss. 1987) ("A consideration ... boils down almost to a balancing of the equities  in whose favor do they preponderate, the plaintiff or the defendant?" This "balancing act" is "generally addressed to the sound discretion of the [judge] and appellate review is limited to whether the discretion has been abused" as a matter of law. Id. (citing Clarke v. Burkle, 570 F.2d 824 (5th Cir.1978)).

B.
As noted, Lose cited "mutual mistake" as one of his bases for requesting relief. "Mistake" is covered under Rule 60(b)(2), and it must be cited within six months of the judgment. The circuit judge concluded Lose was time barred from requesting relief under this basis, and Lose does not question this conclusion on appeal.
The remaining basis  "inadequate consideration"  is covered under the "any other reasons" clause of Rule 60(b)(6). The only time limitation pertinent to this clause is that relief be sought "within a reasonable time." The issue in this case, however, is not whether Lose failed to seek relief within a reasonable time; rather, the issue is whether the basis of inadequate consideration is sufficient to warrant granting the relief sought.[3]
In deciding whether Lose's agreement to settle with ICG for allegedly inadequate consideration should be declared null and void, this Court must "balance the equities." Guaranty Nat'l Ins. Co., 501 So.2d at 388; Stipelcovich v. Sand Dollar Marine, Inc., 805 F.2d 599 (5th Cir.1986); Stringfellow, 451 So.2d at 221; see also 7 MOORE'S FEDERAL PRACTICE, § 60.27, at 60-295 (1985) (describing the rule as a "grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, [(1) through (5) of the Rule 60(b)] or when it is uncertain that one or more of the preceding clauses [(1) through (5)] afford relief."). Only in cases inhering "extraordinary circumstances" will this Court conclude that the balance of equities tilts in favor of the movant. Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); see also United States v. Karahalias, 205 F.2d 331 (2nd Cir.1953) ("compelling reason" or "extreme hardship" must be evidenced).
Applying the law to the facts, the circumstances in this case are not sufficiently extraordinary or compelling to warrant reversal. The balance does not tilt in *1287 Lose's favor.[4]See, e.g., Ackermann, 340 U.S. at 193, 71 S.Ct. at 209, 95 L.Ed. at 207 ("His choice was a risk, but calculated and deliberate and such as follows free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong."); 11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2864, at 214 (1973) ("The broad power granted by Clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made.") (citing cases).
In sum, the facts of this case do not reflect an abuse of the circuit judge's discretion in refusing to grant relief. The judgment is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] Mississippi's Rule 60 is virtually identical to its federal counterpart; time limitation is the only difference. Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss. 1984). In situations involving similar state and federal rules, this Court has and "will consider authoritative federal constructions when determining what [Mississippi's] construction of [the] rule ought to be." Id. (citing Brown v. Credit Center, Inc., 444 So.2d 358, 364 n. 1 (Miss. 1983)).
[2] This general rule is not inflexible. That is, consideration of a Rule 60(b) motion may require application of other rules or guidelines. See, e.g., International Paper Co. v. Basila, 460 So.2d 1202, 1204 (Miss. 1984) (In this case involving a request to set aside a default judgment, the Court delineated three factors which a judge should consider in the exercise of his or her discretion.), cited in Pointer v. Huffman, 509 So.2d 870, 876 (Miss. 1987).
[3] In his discussion of the issue, Lose contends that the circuit judge mistakenly believed that he was not empowered to exercise discretion and grant relief. This Court disagrees and construes the judge's ruling as being based on an assessment of the facts which he simply concluded would not, as a matter of law, warrant granting relief. Thus, this Court must decide whether the judge's conclusion was proper.
[4] Notably, this Court has granted relief under Rule 60(b)(6) in only two cases. Johnson v. Weston Lumber & Building Supply, 566 So.2d 466 (Miss. 1990); King v. King, 556 So.2d 716 (Miss. 1990).