830 So.2d 635 (2002)
Jack D. MITCHELL and Vicki D. Mitchell
v.
R. Scott NELSON and Pearl Nelson.
No. 2001-CA-01879-SCT.
Supreme Court of Mississippi.
November 7, 2002.
*637 Vann Fredric Leonard, Jackson, attorney for appellants.
Christopher Glenn Wells, Bobby L. Dallas, Jackson, attorneys for appellees.
Before SMITH, P.J., COBB and DIAZ, JJ.
SMITH, P.J., for the Court.
¶ 1. Jack D. Mitchell and Vicki D. Mitchell (the "Mitchells") filed their complaint in this matter on February 9, 1998, in the County Court of Madison County, Mississippi. They alleged that R. Scott Nelson and Pearl Nelson (the "Nelsons") failed to disclose damage prior to the sale of the residence located in Ridgeland, Mississippi. The Nelsons filed a motion for summary judgment on September 9, 1999, alleging fraud was the actual basis of the claim although it was not specifically referred to as "fraud" in the complaint.
¶ 2. The county court rendered an opinion on September 18, 2000, granting summary judgment to the Nelsons with respect to the claim of fraud, fraudulent misrepresentation or fraudulent concealment. Final judgment was entered by the county court on March 13, 2001. The Mitchells appealed to the Circuit Court of Madison County which affirmed on October 23, 2001. Notice of appeal to this Court was filed by the Mitchells on November 20, 2001. On May 14, 2002, the Mitchells filed a motion for new hearing with this Court, which includes an affidavit they believe shows that the Nelsons intentionally *638 failed to disclose certain defects in the house the Mitchells purchased from them. This Court denied the motion for a new hearing on July 24, 2002.

FACTS
¶ 3. On October 1, 1996, the Mitchells purchased their home located in Ridgeland, Mississippi, from the Nelsons. Several months after moving in, the Mitchells began to notice problems with the residence. The Mitchells claim that the Nelsons failed to disclose material information in the disclosure portion of the sales contract. Additionally, the Mitchells alleged that the Nelsons knowingly and willfully failed to disclose to them and intentionally hid from them actual physical damage to the property and the extent of that damage.

STANDARD OF REVIEW
¶ 14. This Court has stated in McCullough v. Cook, 679 So.2d 627, 630 (Miss.1996), that the standard for reviewing the granting or denying summary judgment is Miss. R. Civ. P. 56(c). This Court conducts de novo review of orders granting or denying summary judgment and examines all
the evidentiary matters before itadmissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant would be given the benefit of the doubt.
Mantachie Natural Gas Dist. v. Miss. Valley Gas Co., 594 So.2d 1170, 1172 (Miss. 1992); Clark v. Moore Mem'l United Methodist Church, 538 So.2d 760, 762 (Miss.1989)(citing Short v. Columbus Rubber & Gasket Co., 535 So.2d 61 (Miss. 1988)).
¶ 5. Under Miss. R. Civ. P. 56(c), this Court must find "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," to affirm a summary judgment.

DISCUSSION
I. HAVE THE MITCHELLS ADEQUATELY PROVEN ON THE RECORD THAT THERE IS SUFFICIENT EVIDENCE TO PROVE THAT THE NELSONS KNOWINGLY CONCEALED EVIDENCE AND INFORMATION FROM THE MITCHELLS?
¶ 6. The Mitchells seek relief under Miss. R. Civ. P. 60(b)(6) which states that relief may be granted for "any other reason justifying relief from judgment." However, as pointed out in the Nelsons' brief, Rule 60(b)(3) is a more appropriate claim for relief. It states that relief may be granted upon hearing "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial." Miss. R. Civ. P. 60(b)(3).
¶ 7. In this case, the Mitchells have produced an affidavit from a former owner, Laura Hooten ("Hooten"), of the residence in issue which they admit in their brief to this Court that this is "newly discovered evidence."
*639 ¶ 8. The Mitchells have tried to cloak their 60(b)(3) claim under 60(b)(6) because their 60(b)(3) claim is untimely. Subsection (3) claims must be made "not more than six months after the judgment... was entered." The final county court judgment was entered on March 13, 2001. The motion for new hearing, which included the newly discovered evidence, was filed with this Court on May 14, 2002, which is over a year after the final judgment.
¶ 9. A Rule 60(b)(6) motion should only be granted in exceptional circumstances. Moore v. Jacobs, 752 So.2d 1013, 1017 (Miss.1999). This action does not meet the exceptional circumstance requirement of the rule. This provision of the rule is a catch all provision to allow relief when equity demands. Use of Rule 60(b)(6) must be based on some reason other than the first five enumerated clauses of the rule. See Briney v. United States Fid. & Guar. Co., 714 So.2d 962, 966 (Miss.1998). However, the case at bar does not involve any exceptional circumstance.
¶ 10. In this case, the Mitchells state in their brief to this Court that due to Hooten's subsequent remarriage and divorce that they were unable to contact her. However, the Mitchells give no explanation as to why they could not have located her ex-husband, Keys Hays, who owned the house with her. Nor do they state the steps they have previously taken to locate Hooten. There is no evidence before this Court that the Mitchells exercised due diligence to ascertain this information.
¶ 11. Additionally, there must be a balance between finality of a judgment and granting the Mitchells an opportunity to be heard with this new evidence. Lose v. Ill. Cent. Gulf R.R., 584 So.2d 1284, 1285 (Miss.1991). While Rule 60(b)(6) allows relief when equity demands, this new evidence should not be admitted to reverse the lower courts' decision. While there is no specific time frame under Rule 60(b)(6) for the movant to come forward with new evidence, relief must be sought within a reasonable time. Id. at 1286. This alleged new evidence was brought over a year after final judgment. Finality of the judgment overrides hearing the new evidence because only in extraordinary circumstances will this Court tilt the equities in favor of the movant. Id. There must be evidence of some "compelling reason" or "extreme hardship." Id. Neither has been shown by the Mitchells.
II. WAS THERE A GENUINE ISSUE OF FACT PRECLUDING SUMMARY JUDGMENT?
¶ 12. The main argument that the Mitchells put before this Court is that the trial court erred by granting summary judgment on the issue of fraud. The Mitchells deny that this is a claim of fraud. However, they do not specifically state in their brief before this Court or in the complaint the basis of their claim. The Mitchells alleged in their complaint "the Defendants knowingly and wilfully failed to disclose to them and intentionally hid from them," and "by the willful, intentional, knowing and malicious failure of the Defendants to disclose," all of which alleged fraud.
¶ 13. Fraud is "a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment." Black's Law Dictionary 670 (7th ed.1999). The circuit and county court opinions in this matter characterized this matter as one of fraud, and the substance of the Mitchells' claim is one for fraud even though they did not specifically use the word "fraud" in their complaint. The trial court found that the Mitchells could not prove the elements of fraud. Additionally, the elements of fraud *640 must be proved by clear and convincing evidence. Tatum v. Barrentine, 797 So.2d 223, 230 (Miss.2001). As a matter of law, the Mitchells could not do so.
¶ 14. Holbrook v. Albright Mobile Homes, Inc., 703 So.2d 842, 845 (Miss.1997), states, "the plaintiff opposing the motion for summary judgment to set forth, by affidavit or some other form of sworn statement, specific facts which give rise to genuine issues that should be submitted to a jury." The Mitchells did not set forth any of this type of material evidence before the trial court. In fact, the affidavit presented to this Court from the previous owner of the residence was only brought forth in the motion for new hearing on May 14, 2002. According to the applicable standard of review, this Court should only review orders granting summary judgment by examining the evidence before the trial court and not consider new evidence. McCullough v. Cook, 679 So.2d at 630. Thus, this affidavit is not admissible based on this premise in addition to the previously discussed Rule 60(b) exclusion.
¶ 15. Fraud must be pled with particularity. Miss. R. Civ. P. 9(b). This was not done in this case. While the Mitchells claim that there were no conditions disclosed to them in the sales contract, they freely admit that there were repairs set forth as a condition to the sale of the home. The only evidence of fraud that they set forth is a copy of the sales contract which they claim has no repair disclosures. The serious problem with this allegation is that the sales contract identifies several areas that must be repaired as a condition of the sale. There is no evidence in the record of "willful or intentional" misconduct by the Nelsons.

CONCLUSION
¶ 16. The County Court of Madison County was correct in granting the Nelsons' motion for summary judgment. Relief should not be granted to Mitchells based on newly presented evidence because even under Rule 60(b)(6) that is extraordinary relief. This clearly does not fall under that type of extreme circumstance. Additionally, under Rule 60(b)(3) their presentation of new evidence is untimely. In conclusion, there was no genuine issue of fact presented to the county court that would have precluded it from issuing summary judgment in favor of the Nelsons. The circuit court did not err in affirming the summary judgment. Therefore, this Court affirms the circuit court's judgment.
¶ 17. AFFIRMED.
PITTMAN, C.J., WALLER, DIAZ, EASLEY AND CARLSON, JJ., CONCUR. McRAE, P.J., COBB AND GRAVES, JJ., CONCUR IN RESULT ONLY.