BARNES, J.,
 

 for the Court.
 

 ¶ 1. This case comes on appeal from the Chancery Court of Harrison County where a final judgment was entered with prejudice against Lubertha Welch, and her subsequent motion to set aside the order was denied. Welch now appeals the chancellor’s order denying her motion. Finding no error, we affirm.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Welch, an elderly woman, owned, as a co-tenant, certain property located in Harrison County, Mississippi. The other co-tenant was her daughter, Diana Welch (Diana). Welch had a long history of illness, which included the onset of Alzheimer’s disease beginning in 1996. Welch had a deed of trust on her property and, in an effort to make improvements to the property in question, sought refinancing. In October 2000, Welch executed a deed of trust from herself and Diana in favor of Mortgage Electronic Registration Systems, Inc. (MERS). Subsequently, Welch defaulted on the note, and the deed of trust was foreclosed by substituted trustee’s deed on December 7, 2001. Welch claims that all additional funds from the refinancing, other than the repayment on the existing deed of trust, actually went to Diana, not to her.
 

 ¶ 3. Welch filed a complaint with the Chancery County of Harrison County on April 29, 2003. The complaint alleged that, as Welch was suffering from Alzheimer’s disease at the time the deed of trust was executed, she lacked the mental capacity to execute the deed of trust, and it should be rendered void. Welch then
 
 *437
 
 served process by publication upon MERS. A summons was also filed with the chancery court; however, there is no evidence of service of process, other than by publication. On June 30, 2003, Welch filed a motion for default judgment pursuant to Rule 55(b) of the Mississippi Rules of Civil Procedure. A Judgment Confirming Title was entered on July 1, 2003, which found that Welch was “not of sound and disposing mind at the time of the execution of the instruments”; therefore, the instruments should be cancelled and set aside.
 

 ¶ 4. However, on August 19, 2004, Bank One National Association, as trustee, filed a separate answer and affirmative defenses of intervenor in response to Welch’s complaint. In its answer, Bank One asserted that it was the owner of the property in question through a conveyance from MERS, and, in fact, MERS was not the owner at the time the complaint was filed. Simultaneously, Bank One also filed a motion to intervene and to set aside judgment confirming title, which alleged that Welch failed to cause a summons to be issued to MERS and failed to deraign title pursuant to Mississippi Code Annotated section 11-17-35 (Rev.2004). Consequently, Bank One had no notice of the complaint or pending litigation until July 2004. Bank One also asserted that Welch failed to name necessary and indispensable parties in her complaint — namely, Diana, the co-owner of the property, and Susie Bowser, conservator for Welch.
 

 ¶ 5. On January 21, 2005, the chancery court entered an order setting aside the default judgment and allowing intervention. The chancellor found that Welch failed to obtain proper service of process upon MERS, as the physical address for MERS was readily available through public records. The order also found that Bank One, Diana, and Bowser were all necessary and indispensable parties to the action; therefore, Welch was ordered to submit an amended complaint within sixty days to include those parties.
 

 ¶ 6. On April 29, 2005, Bank One filed a motion to dismiss claiming that Welch was in contempt of the court’s order as she had failed to amend her complaint or affect service of process. On August 17, 2005, a hearing on Bank One’s motion to dismiss was held, and the chancellor granted Welch additional time — until September 15, 2005 — to amend the complaint and serve process on the parties. On August 29, 2005, Hurricane Katrina ravaged the Mississippi Gulf Coast causing severe destruction and loss of life. On April 14, 2006, Bank One filed a supplemental motion to dismiss as Welch had still failed to comply with the court’s orders. A hearing was held on June 13, 2006, regarding the supplemental motion to dismiss; counsel for Welch was not present at the hearing. A final judgment was entered on June 14, 2006, dismissing the complaint with prejudice.
 

 ¶ 7. Welch filed a motion to set aside the order on March 16, 2007. In her motion, Welch cited exigent reasons for her failure to comply with the court’s orders, such as the circumstances surrounding Hurricane Katrina. Specifically, the motion stated that the office of Welch’s counsel was severely damaged, and it was difficult to maintain communication between counsel and Welch during this period. Bank One filed a response to Welch’s motion to set aside the order on June 5, 2007. On July 20, 2007, the chancellor denied Welch’s motion to set aside the order, stating that Welch had failed to produce any grounds under Mississippi Rule of Civil Procedure 60 to warrant setting aside or modifying the final judgment.
 

 ¶ 8. It is from this order than Welch appeals, requesting this Court to set aside
 
 *438
 
 the judgment pursuant to Rule 60. Finding no error, we affirm.
 

 I. Whether the chancery court , erred in denying Welch’s motion to set aside the judgment.
 

 ¶ 9. Welch cites
 
 Brown v. Credit Center, Inc.,
 
 444 So.2d 358 (Miss.1983) for her argument that due to the circumstances surrounding Hurricane Katrina, the judgment against Welch should be set aside and the case allowed to proceed on the merits. However, we observe, as does Bank One in its brief, that
 
 Brown
 
 is not relevant to the issue before this Court as
 
 Brown
 
 addresses summary judgment under Mississippi Rule of Civil Procedure 56, not relief under Rule 60.
 

 ¶ 10. Welch also neglects to specify under which prong of Rule 60 she is seeking relief. However, as Rule 60(a) only addresses clerical mistakes, we must assume that Welch is referring to 60(b). Rule 60(b) has six provisions under which relief from a judgment may be granted. As the first five provisions deal with mistakes, inadvertence, newly discovered evidence, and fraud and are, therefore, irrelevant to the case at issue, we must again assume that Welch is requesting relief specifically under Rule 60(b)(6) which states that relief may be granted for “any other reason justifying relief from the judgment.”
 

 ¶ 11. A request for relief under Rule 60 is reviewed under an abuse of discretion standard.
 
 R.K. v. J.K.,
 
 946 So.2d 764, 776(¶ 35) (Miss.2007) (citation omitted). “Relief under Rule 60(b)(6) is reserved for extraordinary and compelling circumstances.”
 
 Briney v. United States Fid. & Guar. Co.,
 
 714 So.2d 962, 966(¶ 12) (Miss.1998). Thus, Rule 60(b) should not be used by litigants as “an escape hatch” in cases where the movant has had “procedural opportunities afforded under other rules” yet has failed to pursue said procedural remedies.
 
 City of Jackson v. Jackson Oaks Ltd. P’ship,
 
 792 So.2d 983, 986(¶ 5) (Miss.2001).
 

 ¶ 12. The chancellor stated at the hearing on the motion to set aside the order that he did not have the authority to set aside the judgment under Rule 60 due to the fact that too much time had expired since the entry of the judgment. We find this reasoning inaccurate. The rule states that there is no specific time frame provided by Rule 60(b)(6) under which a party may bring a request for relief.
 
 Mitchell v. Nelson,
 
 830 So.2d 635, 639(¶ 11) (Miss.2002). Nonetheless, “relief must be sought within a reasonable time.”
 
 Id.
 

 [1]
 

 Had the chancellor denied the motion based solely on the time issue, then this Court might have been persuaded to remand for a more thorough examination and findings of fact. However, the order denying the motion elaborated that the main reason for the denial was Welch’s failure to produce any grounds under Rule 60. Based on this reasoning and our review of the record, we agree with the chancellor’s conclusion that Welch failed to produce any reasonable grounds as to why she should be afforded relief under Rule 60(b)(6). Although we understand Welch and her counsel had extremely difficult circumstances befall them, Welch had almost nine months prior to Hurricane Katrina in which to comply with the court’s original orders. In addition, the court waited an additional ten months after the storm before entering its final judgment against Welch, who as we have already noted, failed to appear at the hearing held
 
 *439
 
 on June 13, 2006, regarding Bank One’s supplemental motion to dismiss.
 

 ¶ 13. Therefore, we find no abuse of discretion in the chancellor’s denial of Welch’s motion to set aside the order and affirm.
 

 II. Whether sanctions requested by Bank One against counsel for Welch are warranted.
 

 ¶ 14. In its brief to this Court, Bank One claims that Welch’s failure to cite appropriate legal authority to support her position, and the fact that her claim is “wholly frivolous,” constitutes a “sanction-able event.” We find it ironic that Bank One fails to cite any legal authority for such a claim. “The failure to cite authority in support of an issue precludes this Court from considering the issue on appeal.”
 
 Kirkley v. Forrest County Gen. Hosp.,
 
 991 So.2d 652, 662(¶ 35) (Miss.Ct.App.2008). Thus, we find that Bank One’s claim is procedurally barred and decline to address the issue of any possible sanctions against Welch.
 

 ¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . Specifically Rule 60(b)(6) states: "The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.” M.R.C.P. 60(b)(6).