MAXWELL, J.,
for the Court:
¶ 1. Cheryl Perry appeals the Madison County Chancery Court’s denial of her motion to reopen Lester Perry’s estate. Lester Perry died testate, leaving his entire estate to named beneficiaries in his will. While his estate was open, Cheryl claimed to be an unspecified relative of Lester and his heir at law. But she failed to timely produce evidence she was entitled to a share of his estate. Consequently, the chancellor held Cheryl would not inherit from Lester. And by later order the chancellor closed the estate and directed Lester’s executor to distribute the estate’s assets to Lester’s beneficiaries.
¶ 2. We find, under Mississippi Rule of Civil Procedure 60(b), Cheryl failed to show extraordinary circumstances warranted reopening the estate and waived any argument that failure to serve Lester’s unknown heirs voided the order closing the estate. Accordingly, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 3. Lester died testate. He named four of his children and four grandchildren[1] as beneficiaries of his entire estate. On January 15, 2002, Lee Andrew Perry, Lester’s son and named executor, probated Lester’s will. On March 12, 2002, the chancellor opened Lester’s estate and issued Lee Andrew letters testamentary. Two years passed without anyone contesting the will’s validity. See Miss.Code Ann. § 91-7-23 (Rev.2004) (two-year limit to contest will probated in common form).
¶ 4. In August 2005, while Lester’s estate was still open, Cheryl filed a motion to remove Lee Andrew as executor. Cheryl claimed an interest in Lester’s estate “by virtue of [her] being related to the decedent.” But she never specified — in her motion or any where else in the record— how she was related to Lester. She did not (and could not by statute) contest the validity of Lester’s will. And she never claimed to be a beneficiary of Lester’s will.
¶ 5. In March 2006, while Cheryl’s motion to remove was pending, Lee Andrew requested the chancellor approve the final accounting and close Lester’s estate. The final accounting listed the estate’s assets, but Lee Andrew failed to list Lester’s beneficiaries, as required by statute.
¶ 6. The record indicates the chancellor set both Cheryl’s motion to remove and Lee Andrew’s request to close the estate for a simultaneous hearing on May 22, 2007. Less than thirty days prior, on April 26, 2007, Lee Andrew first published a summons “to the unknown heirs at law of Lester Perry, Deceased” directing them *196 to appear at the May 22 hearing. Lee Andrew republished the summons on May 3 and May 10, 2007.
¶ 7. On May 22, 2007, the chancellor entered an order, prepared by Cheryl’s attorney, granting the withdrawal of Cheryl’s motion to remove the executor. The order granted Cheryl fourteen days to present a clear, certified copy of her birth certifícate. It also expressly stated, if Cheryl failed to timely provide the certificate, she “shall not inherit from this estate" and “the court will entertain and execute[] an order from counsel of the Executor that will close the estate and distribute the assets to the rightful heirs as set forth in the pleadings of the executor.”
¶ 8. Cheryl failed to provide her birth certificate by the order’s deadline. And on July 20, 2007, the chancellor entered an order approving the final accounting and closing Lester’s estate. All beneficiaries receiving distribution signed the order.
¶ 9. On December 3, 2007, Cheryl, who was not among the beneficiaries, filed a motion to reopen Lester’s estate to “allow the rightful heirs ... to share in the estate.” Cheryl attached to this motion a clear copy of her birth certificate. The birth certificate indicated her parents were Floyd Perry and Jessie Mae Smith, neither of whom Lester named as beneficiaries in his will.
¶ 10. The chancellor set Cheryl’s motion to reopen the estate for hearing on May 14, 2008. The record contains no transcript of this hearing or any other indication of what transpired. On August 3, 2009, the chancellor entered a nunc pro tunc order denying Cheryl’s motion to reopen, from which Cheryl appeals.
STANDARD OF REVIEW
¶ 11. Before applying the proper standard of review, we must first clarify the procedural nature of Cheryl’s motion to reopen the estate.
¶ 12. When an interested party brings a specific challenge to the executor’s accounting prior to closing the estate, he does not have a right, under Mississippi Code Annotated section 91-7-309 (Rev. 2004) (allowing the reopening of accounts for two years), to open the account to relitigate the same issue. Bright v. Bright, 156 Miss. 766, 771-72, 126 So. 901, 903 (1930) (construing prior version of current Miss.Code Ann. § 91-7-309). Because Cheryl presented her heir-at-law claim and had the opportunity to provide her birth certificate prior to the order approving the accounting, she cannot reopen the account under section 91-7-309 to relitigate this claim. See Miss.Code Ann. § 91-7-309.
¶ 13. Instead, we consider Cheryl’s motion to reopen under Rule 60(b), which provides “[t]he procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action and not otherwise.” M.R.C.P. 60(b)(6). Although Cheryl did not mention Rule 60(b), “[o]ne of the procedural maxims of equity is that it looks to the intent, and will regard substance rather than form.” Int’l Paper Co. v. Basila, 460 So.2d 1202, 1203 n. 1 (Miss.1984) (quoting Kemp v. Atlas Fertilizer & Chem. Co., 199 So.2d 52, 57 (Miss.1967)). In Basila, the Mississippi Supreme Court applied a Rule 60(b) analysis to “the equivalent of a motion to set aside the judgment under the old rules.” Id. Similarly, we treat Cheryl’s motion as a Rule 60(b) motion for relief.
¶ 14. “Under Mississippi law, the grant or denial of a 60(b) motion is generally within the lower court’s discretion, unless the judgment in question is deemed *197 to be void.” Evans v. Oberon Holding Corp., 729 So.2d 825, 827 (¶ 5) (Miss.Ct.App.1998) (citing Sartain v. White, 588 So.2d 204, 211 (Miss.1991)); see also Cuffee v. Wal-Mart Stores, Inc., 977 So.2d 1187, 1191 (¶ 14) (Miss.Ct.App.2007) (applying abuse-of-discretion standard to question of reopening case for equitable reasons); Indymac Bank, F.S.B. v. Young, 966 So.2d 1286, 1288 (¶5) (Miss.Ct.App.2007) (applying de novo standard of review to question of judgment’s validity).
¶ 15. We review for abuse of discretion the chancellor’s denial of Cheryl’s motion to reopen the estate for equitable reasons. We review de novo whether the order closing the estate is void for lack of jurisdiction based on improper summons by publication.
DISCUSSION
A. Equitable Argument for Setting Aside Order
 ¶ 16. Cheryl essentially raised the “catchall” provision in Rule 60(b)(6) by arguing the estate should be reopened for equitable reasons. M.R.C.P. 60(b)(6) (allowing setting aside order for “other reasons justifying relief’). See Cuffee, 977 So.2d at 1191 n. 4 (addressing relevant Rule 60(b) subparts when movant fails to identify specific Rule 60(b) grounds). “Rule 60(b) is designed for the extraordinary, not the commonplace.” Sabal Corp. v. Howell, 853 So.2d 122, 124 (¶ 4) (Miss.Ct.App.2003) (quoting Bruce v. Bruce, 587 So.2d 898, 904 (Miss.1991)). “Only in cases inhering ‘extraordinary circumstances’ will [the appellate court] conclude that the balance of equities tilts in favor of the movant.” Lose v. Ill. Cent. Gulf R.R., 584 So.2d 1284, 1286 (Miss.1991).
¶ 17. Cheryl argues the chancellor abused her discretion in denying her request because the balance of equities tilts in favor of reopening the estate to allow the “rightful heirs to share in the estate.” In support, Cheryl contrasts her failure to timely produce a certified copy of her birth certificate — arguably resulting from excusable neglect and factors beyond her control — with Lee Andrew’s failure to properly determine Lester’s heirs. We do not find these circumstances justify reopening the estate.
¶ 18. First, the record contains neither any evidence of excusable delay in presenting Cheryl’s birth certificate nor of the certificate’s relevance to the distribution of the estate. The chancellor’s order, prepared by Cheryl’s counsel, clearly warned that failure to produce her birth certificate would result in an order to close the estate and distribute the assets to beneficiaries other than Cheryl. The record does not contain any evidence Cheryl attempted to obtain her birth certificate before the deadline, and we will not assume she did. Cheryl claims she received the certificate on July 5, 2007, two weeks before the chancellor entered her final order. But, inexplicably, she waited until December 2007 to submit it as an exhibit to her motion to reopen the estate. Further, her birth certificate does not show she is the descendant of any named beneficiaries.
¶ 19. Second, Lee Andrew’s alleged deficiencies as executor are irrelevant to the circumstances she relied upon to reopen the estate. Lee Andrew did not fail to determine Lester’s heirs at law because Lester did not have to do so. The statutory procedure for determining heirs at law only applies when someone dies without a will (wholly intestate), with a will covering only some of the deceased’s property (partially intestate), or with a will that does not name beneficiaries but instead directs the property to be distributed by the laws of descent and distribution. Miss.Code Ann. §§ 91-1-27 to 91-7-31 (Rev.2004). See *198 Shepherd v. Townsend, 249 Miss. 383, 397, 163 So.2d 746, 747 (1964). Lester died fully testate, with a will covering all his property, including any residuary. His estate passed to his named beneficiaries, the devisees (recipients of real property) and legatees (recipients of other types of property) in his will. A proceeding to determine Lester’s hems at law was unavailable by statute and inapplicable in this case. Any failure to properly summons by publication potential unknown heirs to such proceeding is immaterial.
¶ 20. Therefore, we find the chancellor did not abuse her discretion in concluding no extraordinary circumstances tilted the equities in favor of granting Cheryl’s motion to reopen the estate for the purpose of establishing Lester’s heirs at law.
B. Jurisdictional Argument for Setting Aside Order
¶ 21. Cheryl next argues the improper summons by publication to Lester’s unknown heirs of notice to attend the May 22 hearing voided the resulting May 22 and July 20 orders. Cheryl admits she raises this issue for the first time on appeal.
¶ 22. “[A] judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.” Overbey v. Murray, 569 So.2d 303, 306 (Miss.1990) (quoting Bryant, Inc. v. Walters, 493 So.2d 933, 938 (Miss.1986)).
¶ 23. Though questions of subject-matter jurisdiction may be raised for the first time on appeal, Mississippi Rule of Civil Procedure 12(h)(3) & cmt. (citing Welch v. Bryant, 157 Miss. 559, 128 So. 734 (1930); Brown v. Bank, 31 Miss. 454 (1856)), here the chancery court clearly had subject-matter jurisdiction over Lester’s will and estate administration. Miss. Const, art. 6, § 159(c) (conferring to the chancery court jurisdiction over all matters testamentary and of administration).
¶ 24. Any problem with the summons by publication implicates questions of personal jurisdiction and insufficiency of process, which cannot be raised for the first time on appeal. Tel-Com Mgmt., Inc. v. Waveland Resort Inns, Inc., 782 So.2d 149, 153 (¶ 14) (Miss.2001) (personal-jurisdiction question not presentable for first time on appeal); L.W. v. C.W.B., 762 So.2d 323, 329 (¶24) (Miss.2000) (finding waiver of objection to sufficiency of service of process due to failure to raise at first opportunity).
¶ 25. We find Cheryl waived any arguments related to improper summons by publication. We also find that her appearance at the May 22 hearing and the order presented by her attorney addressing her heir-at-law claim conferred personal jurisdiction over Cheryl and her claim.
¶ 26. Therefore, the May 22 order directing Cheryl to present her birth certificate or forfeit her heir-at-law claim and the subsequent July 20 order closing Lester’s estate are valid and binding upon Cheryl. See Howell v. Howell, 157 Miss. 15, 23, 127 So. 566, 568 (1930) (appearance and participation at final-account hearing, which was held at an improper time and venue, was a complete waiver of any jurisdictional problems); Boutwell v. Grayson, 118 Miss. 80, 89, 79 So. 61, 62 (1918) (a valid judgment requires either valid service of process on the defendant, an appearance, or waiver of process); Sanghi v. Sanghi, 759 So.2d 1250, 1257 (¶ 33) (Miss.Ct.App.2000) (only failure to serve properly “coupled with the failure of the defendant voluntarily to appear” prevents a binding judgment). For these reasons, we *199 find Cheryl’s attacks on the validity of the order closing the estate without merit.
CONCLUSION
¶ 27. We find the chancellor did not abuse her discretion because Cheryl did not present any extraordinary circumstances justifying setting aside the order closing the estate. Further, Cheryl waived any objection to the validity of the order closing the estate based on improper summons by publication. Accordingly, we affirm the chancellor’s judgment denying Cheryl’s motion to reopen the estate.
¶ 28. THE JUDGMENT OF THE MADISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. Children of Lester’s deceased fifth child.