On December 16, 1983, an order was entered in the Circuit Court of Copiah County, Mississippi, granting forfeiture of a Chevrolet Nova automobile and $9,800.00 cash money, seized by the Mississippi Bureau of Narcotics (MBN). The order of forfeiture was set aside on April 13, 1988, by the lower court judge. From that adverse ruling, the Mississippi Bureau of Narcotics has appealed to this Court.
 DISCUSSION
We address the sole issue of whether the lower court abused its discretion in setting aside the default judgment upon its own initiative five years after the judgment was rendered.
(1) On March 29, 1983, an agent for the MBN observed Houston Collins, Jr., (H. Collins), one of the subjects of this case, operating a 1972, two door, yellow Chevrolet Nova automobile, driving to a residence in Hazlehurst. H. Collins exited the vehicle and entered the residence, exchanging a plastic bag, containing twenty grams of marijuana, for one hundred dollars in cash from an undercover MBN agent.
(2) On March 18, 1983, H. Collins, accompanied by Tony Kemp and followed by another automobile occupied by Jeffrey Curtis and Ray Collins, drove the Nova to a parking lot in Hazlehurst, Mississippi, where the individuals, the Nova automobile and $9,800.00 were involved in a marijuana transaction.
(3) On August 15, 1983, the MBN filed a petition for forfeiture in the Copiah County Circuit Court, for the Nova and the $9,800.00 in cash seized as a result of the drug arrest.
(4) The summons was served on H. Collins, operator and owner of the vehicle, as well as two other individuals, which summons unequivocally stated that an answer was required to be filed within thirty days from the date of service.
(5) On October 13, 1983, fifty eight days after the date of service, the MBN made an application to the court clerk for entry of a default judgment, which was entered by the clerk on that day.
(6) On December 2, 1983, a motion for order granting forfeiture was filed by the MBN and the order was granted and entered on December 16, 1983.
(7) On the day before, December 15, 1983, H. Collins filed his answer to the petition for forfeiture.
(8) On March 3, 1988, the Copiah County Circuit Clerk issued a writ of garnishment to the MBN to satisfy a fine imposed on H. Collins in another case. The MBN denied that it possessed funds belonging to H. Collins. Thereupon, the Copiah County Circuit Clerk issued a show cause order to the MBN to show why the forfeiture order should not be set aside.
(9) On June 8, 1988, a response to the show cause order was filed by the MBN.
(10) On March 2, 1989, arguments were presented in a non-transcribed hearing, and on March 14, 1989, the order was set aside.
The Copiah County Circuit Court set aside the forfeiture order based on the fact that the H. Collins' conviction on the underlying drug charge had been dismissed by the Mississippi Supreme Court on January 6, 1988, on an entrapment defense inTony Kemp, Ray S. Collins, Houston Collins and Jeffrey J. Curtisv. State, 518 So.2d 656 (Miss. 1988). *Page 789 
 A. THE COPIAH COUNTY CIRCUIT COURT ERRED WHEN IT SET ASIDE THE ORIGINAL FORFEITURE ORDER BASED ON ITS OWN INITIATIVE.
The Copiah County Circuit Court could not on its own accord vacate the original forfeiture order. Rule 55 of the Mississippi Rules of Civil Procedure states; "For good cause shown, the court may set aside an entry of default and if a judgment by defaulthas been entered, may likewise set it aside in accordance withrule 60(b). Id. (emphasis added). In the case at bar the initial forfeiture order was entered on December 16, 1983, and under rule 55(c) could only be set aside through compliance with rule 60(b)[1] of the Mississippi Rules of Civil Procedure.
 Relief from a default judgment must be requested by a formal application as required by Rule 60(b). Because the request is for relief from a final disposition of the case, the party in default must take affirmative action to bring the case before the trial court a second time.
Miss.R.Civ.P. 55 Comment (emphasis added).
Rule 60(b) is available to a party for relief from a final judgment based on:
 (1) fraud, misrepresentation, or other misconduct of an adverse party;
 (2) accident or mistake;
 (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
 (4) the judgment is void;
 (5) the judgment has been satisfied released, or discharged, or a prior judgment which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
 (6) any other reason justifying relief from the judgment.
Miss.R.Civ.P. 60(b). Upon a motion, made within a reasonable time, and for reasons (1), (2), and (3) not more than six months after judgment, the court may relieve a party for the aforesaid reasons. Id. "The procedure for obtaining any relief from a judgment shall be by motion as prescribed by these rules or byan independent action and not otherwise." Id. (emphasis added). No motion was made by any party to vacate the 1983 forfeiture order. Absent a motion or independent action having been brought, the Copiah County Circuit Court was without authority to set aside the forfeiture order. The Copiah County Circuit Court erred in vacating the original forfeiture order on its own initiative.
 B. THE COPIAH COUNTY CIRCUIT COURT ABUSED ITS DISCRETION WHEN IT VACATED THE ORIGINAL FORFEITURE ORDER.
Rule 60(b) of The Mississippi Rules of Civil Procedure is very nearly identical to rule 60(b) of the Federal Rules of Civil Procedure and as such this court will consider as authoritative federal constructions when determining what our construction of our rule ought to be. Stringfellow v. Stringfellow,451 So.2d 219, 221 (Miss. 1984); Brown v. Credit Center, Inc.,444 So.2d 358, 364 fn. 1 (Miss. 1983). Motions for relief under Rule 60(b) are generally addressed to the sound discretion of the trial court and appellate review is limited to whether that discretion has been abused. Stringfellow, 451 So.2d at 221; See Clarke v.Burkle, 570 F.2d 824 (8th Cir. 1978).
 When ruling on [Rule 60(b)] motions a balance must be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality in litigation. House v. Secretary of Health and Human Services, 688 F.2d 7 (2nd *Page 790 
Cir. 1982). Further, Rule 60(b) motions should be denied were they are merely an attempt to relitigate the case. Mastini v. American Telephone and Telegraph Co., 369 F.2d 378 (2nd Cir. 1966) cert. den. 387 U.S. 933, 87 S.Ct. 2055, 18 L.Ed.2d 994.
Stringfellow, 451 So.2d at 221.
Rule 60(b) is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies. Kingv. King, 556 So.2d 716 (Miss. 1990). "Rule 60(b) is designed for the extraordinary, not the common place." Id.
 Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances, and that neither ignorance nor carelessness on the part of an attorney will provide grounds for relief. . . . Additionally, it has been said that a party is not entitled to relief merely because he is unhappy with the judgment, but he must make some showing that he was justified in failing to avoid mistake or inadvertence; gross negligence; ignorance of the rules; or ignorance of the law is not enough.
King, 556 So.2d at 722 (quoting Stringfellow, 451 So.2d at 221); See Also Accredited Sur. Casualty Co. v. Bolles,535 So.2d 56, 59 (Miss. 1988).
In the case at bar, extraordinary circumstances have not been shown which would support the lower court's examination of the forfeiture order under a rule 60(b) analysis. All the record contains is Judge Pigott's statement that the original forfeiture order was based upon both a mistake of law and fact. The fact that H. Collins could have pled, in the lower court, that entrapment should be a defense to a forfeiture action, does not amount to extraordinary circumstances justifying rule 60(b) analysis. Nowhere does the record reflect why such a contention was not asserted by H. Collins. Absent more, all that can be said is that H. Collins did not plead such a defense to the forfeiture action as the result of negligence, ignorance, or mistake of law. The Copiah County Circuit Court abused its discretion when it examined H. Collins' failure to plead entrapment, in the civil forfeiture action, under rule 60(b) analysis.
Therefore, the judgment of the lower court is reversed and judgment is rendered here for MBN.
REVERSED AND RENDERED.
HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., dissents.
[1] Other relief could have been requested by the aggrieved party following the entry of the forfeiture order. Such relief would include a motion for a new trial, a motion to alter or amend a judgment or a direct appeal. These avenues of relief are not addressed, herein, as a consequence of being time barred at the time Judge Pigott ordered the MBN to show cause why the forfeiture order should not be vacated.