## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-IA-01943-SCT

*J. BRUCE PRUETT, M.D.*

*v.*

*MARILYN MALONE*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/23/1996 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT D. GHOLSON |
| | CRAIG NEWMAN ORR |
| ATTORNEY FOR APPELLEE: | LESTER CLARK, JR. |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND RENDERED - 06/22/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/19/2000 |

**EN BANC.**

**COBB, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. On December 23, 1996, the Jones County Circuit Court entered a Final Judgment in favor of Dr. J. Bruce Pruett, finding that the attempted service of process on him was invalid and dismissing with prejudice this medical negligence case filed against him by Marilyn Malone. The judgment was certified as final with regard to Dr. Pruett, in accordance with M.R.C.P. 54(b) [1]. On January 2, 1997, Malone timely filed a Motion to Reconsider. The motion was noticed for hearing on February 18, 1997, then renoticed for hearing on May 13, 1997. On May 13 there was no hearing, but on that date Malone's attorney filed an affidavit of the process server and noticed the deposition of Dr. Pruett for May 22, 1997. Malone did not further pursue her motion. There is no indication in the record that a hearing was ever held. By letter to the court clerk, Malone's attorney inquired as to whether the trial judge had ever entered an order, and by letter [2] dated November 11, 1997, Pruett's attorney submitted an Order Denying Motion to Reconsider which the trial judge signed on November 20, 1997. This was a one-sentence order which stated only that the court had heard and considered the motion and found it was not well taken and therefore denied.

¶2. Malone did not file an appeal from this adverse ruling by the trial judge. Eight months later, however, she filed a Second Motion to Reconsider, citing M.R.C.P. 60(b)(6) as her authority for doing so. Her motion challenged the original judgment of the court entered in December 1996, but not the order which denied the first motion for rehearing. Again, there was no record made of the hearing. On August 28, 1998,

again with a one- sentence order, the trial judge stated only that he considered the second motion to reconsider, and heard argument of counsel, and found that the motion should be granted and the matter reinstated on the active docket.

¶3. Aggrieved by the trial judge's decision, Pruett sought certification for an interlocutory appeal, which the trial court granted pursuant to M.R.A.P. 5, and this Court granted Pruett's Petition for Interlocutory Appeal. Finding that the trial court erred when it reinstated this matter, we reverse and render.

## STATEMENT OF UNDERLYING FACTS

¶4. On March 3, 1993, Malone was admitted to the hospital under the care and supervision of Pruett. While under his care, on March 8, 1993, Malone underwent a surgical procedure to repair an inguinal hernia. On March 6, 1995, Malone filed her complaint in this action which gave no details of her surgery or her care or her injuries, but simply alleged that Pruett and others were guilty of negligence, and that as a direct and proximate result of the negligence and deviations from the standard of care, she incurred various generally described expenses, pain and suffering, lost wages, and permanent impairment.

¶5. On the same day the complaint was filed, a summons for Dr. Pruett was issued. The clerk gave it to Malone's attorney, per his instructions, for service. Not until the 119th day after the complaint was filed, was service attempted upon Dr. Pruett. Not finding Dr. Pruett at his office, an independent process server hired by Malone's attorney simply left the summons with Dr. Pruett's insurance clerk. Dr. Pruett lived across the street from his office in Laurel, practiced at the hospital which was only one mile from his office and home, and was in Laurel the vast majority of the time during which process could have been timely served, but there is no indication in the record that any effort was ever made to serve him, except the one visit to his office when the summons was left with the insurance clerk.

¶6. Finding that Dr. Pruett's insurance clerk was not an agent or attorney-in-fact for Dr. Pruett, and that she was not authorized to accept service on his behalf, the trial court held that the attempted service of process was insufficient under the requirements of M.R.C.P. 4(d)(1). The court further found that inasmuch as Dr. Pruett was not served within 120 days after the filing of the complaint, and Malone had failed to show good cause as required by M.R.C.P. 4(h), the action must be dismissed.

¶7. Malone subsequently timely filed a Motion for Reconsideration which the trial court denied. No appeal was filed. Eight months after the denial of the first Motion for Reconsideration, Malone filed a Second Motion for Reconsideration, which was granted by the trial court.

## ISSUE

¶8. The sole issue presented on appeal to this Court is whether the trial court erred in granting Malone's Second Motion for Reconsideration and reinstating this case to the active docket more than eight months after the dismissal became final and non-appealable.

## ANALYSIS

¶9. In its December 23, 1996 order granting Pruett's motion to dismiss, the lower court addressed the merits of Malone's argument, stating:

the statute of limitations in the case at bar was tolled by the filing of suit originally on March 6, 1995,

but the limitations clock began running again on July 4, 1995 (120 days after suit was filed without proper service being had upon Dr. Pruett.) Dr. Pruett was not actually served in this case until October 2, 1995, some 90 days after the expiration of the 120 day time limit provided by Rule 4(h). The Court finds that this attempted service is invalid for the reason that the Plaintiff has not shown good cause for the service outside the 120 day period. Based upon the authority of *Watters v. Stripling*, 675 So.2d 1242 (Miss. 1996) and Miss. Code Ann. § 15-1-36, as amended, the Court finds that the Plaintiff's action is time barred and should be finally dismissed.

This order was certified as final with regard to Dr. Pruett pursuant to M.R.C.P. 54(b). Malone timely filed her first Motion for Reconsideration on January 3, 1997; however, she merely stated that at the time the trial court granted the dismissal there was no proof that she knew or should have known of Dr. Pruett's negligence and deviation from the standard of care, citing Miss. Code Ann.§ 15-1-36(1). Malone failed to state any facts whatsoever about the nature of the medical procedure; any acts that were negligent; any information about when she first knew of the deviation from the standard of care; or any facts whatsoever as to what constituted the "good cause" for service of process on Dr. Pruett outside the 120 day period. But her main downfall was that she failed to pursue her motion. Eleven months after the motion was filed, after correspondence from attorneys for both sides, the trial court properly entered its order denying Malone's motion for rehearing.

¶10. The order denying a motion to reconsider is a final judgment for purposes of appeal. ***Belhaven Improvement Ass'n., Inc. v. City of Jackson***, 507 So. 2d 41, 45 (Miss. 1987) Malone did not appeal the November 20, 1997, order denying reconsideration; thus the dismissal became final thirty days thereafter. See M.R.A.P. 4 (a) & 4(d); *Childers v. Childers*, 717 So. 2d 1279, 1280-81 (Miss. 1998). Malone's failure to timely appeal the order bars any further reconsideration of the case. Rule 4(a) is a "hard-edged, mandatory" rule which this Court "strictly enforces". ***Ivy v. General Motors Acceptance Corp.***, 612 So. 2d 1108, 116 (Miss. 1992). Appeals not perfected within 30 days will be dismissed, period. ***Tandy Elecs., Inc. v. Fletcher***, 554 So. 2d 308, 310-11 (Miss. 1989).

¶11. The rules of this Court are designed to give finality to a judgment at a point which it has defined as 30 days after a final, appealable order or judgment. This Court has stated "[t]he thirty day time limit is surely one with which anyone can comply. We cannot imagine it taking more than fifteen minutes of an attorney's time to perform the preparation and mailing of a notice of appeal."***Id.*** at 310.

¶12. After eight months had passed, Malone filed a Second Motion to Reconsider, presenting the same arguments she presented eighteen (18) months prior in her first Motion to Reconsider. The trial court erred when it *accepted* her argument and reinstated the case to the active docket. This case is not about the correctness of the first order. It is solely about whether the trial court had authority to grant a second motion to reconsider filed eight months after the time for appeal had expired.

¶13. Malone's failure to file a notice of appeal is outcome determinative. Malone's failure to do so is fatal to her case. Malone failed to cite any authority in support of her second motion to reconsider, claiming only that the judgment should be set aside under Rule 60(b)(6) because the trial court allegedly failed to consider certain legal arguments allegedly favoring Malone. This procedure is improper. Relief pursuant to Rule 60(b)(6) is reserved for "exceptional and compelling circumstances". *Page v. Siemens Energy & Automation, Inc.*, 728 So.2d 1075 (Miss. 1998). See also *Palmer v. Grand Casinos of Miss., Inc.*, 744 So.2d 745 (Miss. 1999) (holding trial court did not err in overruling plaintiff's Rule 60(b) motion for

relief from order of dismissal based upon counsel's omissions and mistakes where such did not rise to the level of "exceptional circumstances").

¶14. Malone's proper avenue for relief from the first order dismissing her complaint was by way of appeal, not a Rule 60 motion. Rule 60(b) motions should be denied where they are an attempt to relitigate the case. *Stringfellow v. Stringfellow,* 451 So. 2d 219, 221 (Miss. 1994). This Court stated, in *State ex rel. Miss. Bureau of Narcotics v. One (1) Chevrolet Nova Auto.,* 573 So. 2d 787, 790 (Miss. 1990), "Rule 60(b) is not an escape hatch for litigants who have procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies."

¶15. Malone sought Rule 60(b) relief based on the assertion that the trial court may not have considered certain legal arguments or authorities at the time of its decision. However, everything Malone cited in her Second Motion to Reconsider was available to the trial court at the time of her first Motion to Reconsider. Counsel had every opportunity to bring the referenced cases to the attention of the trial judge.

## CONCLUSION

¶16. The trial court erred in granting Malone's Second Motion to Reconsider. Once the trial court denied Malone's first Motion to Reconsider on November 20, 1997, Malone's remedy was to appeal to this Court. The trial court's August 28, 1998, order granting Malone's Second Motion to Reconsider is reversed, and judgment is rendered here for Dr. Pruett finally denying Malone's Second Motion to Reconsider.

¶17. **REVERSED AND RENDERED.**

**PRATHER, C.J., PITTMAN AND BANKS, P.JJ., SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**

1. The initial complaint named not only Dr. Pruett but also Does 1 through 10 as defendants.

2. Pruett's attorney advised the trial court, with copy to Malone's attorney, that a proposed order had been circulated to Malone's attorney a month earlier, but no response was ever received. He further mentioned a hearing on a motion to dismiss "in a companion case" and stated that an order dismissing that companion case had been entered and "an appeal has been perfected therefrom."