# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-00254-SCT
## CONSOLIDATED WITH
## NO. 1999-CA-00714-SCT

*THE CITY OF JACKSON, MISSISSIPPI*

*v.*

*JACKSON OAKS LIMITED PARTNERSHIP*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/23/2002 |
| TRIAL JUDGE: | HON. WILLIAM HALE SINGLETARY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | J. ANTHONY WILLIAMS |
| | TERRY WALLACE |
| ATTORNEYS FOR APPELLEE: | PIETER JOHN TEEUWISSEN |
| | DALE DANKS, JR. |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 05/22/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE McRAE, P.J., DIAZ AND CARLSON, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1. Aggrieved by the chancellor's denial of its Miss. R. Civ. P. 60(b) motion for relief, the City of Jackson appeals citing numerous errors before this Court. Because the chancellor did not abuse his discretion in denying the City's motion for clarification or relief, we affirm the judgment of the Chancery Court of the First Judicial District of Hinds County.

## STATEMENT OF THE CASE

¶2. This matter initially arose from a complaint filed by Jackson Oaks Limited Partnership ("Jackson Oaks") against the City of Jackson alleging ongoing erosion and flood control problems along Hanging

Moss Creek near Ridgewood Road. Jackson Oaks sought injunctive relief, compensatory and punitive damages against the City of Jackson due to significant loss of land, damage to parking facilities, damage to drainage pipes, and damage to, and the continued threat of loss of, the only ingress/egress to Jackson Oaks. Additionally, Jackson Oaks filed suit against John Hancock Mutual Life Insurance Company, but that claim was settled and dismissed prior to trial. Trial commenced on April 13, 1998. On December 18, 1998, the chancellor entered an opinion and judgment for $1.1 million in favor of Jackson Oaks.

¶3. Instead of appealing the judgment, the City filed a Motion for Clarification and Relief from Judgment on December 30, 1998. The City's motion argued two points of error: (1) the judgment of the chancellor failed to take into account the amount received by Jackson Oaks in the John Hancock settlement, and (2) the opinion of the chancellor failed to discuss the issues raised in the City's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. On March 15, 1999, the chancellor denied the City's motion on the grounds that it was untimely filed. The City appealed the denial to this Court. In concluding that the City's motion was a Miss. R. Civ. P. 60(b) motion, this Court remanded the case to the chancery court with directions that the chancellor consider and rule on the merits of the December 1998 motion. *City of Jackson v. Jackson Oaks Ltd. P'ship*, 792 So. 2d 983 (Miss. 2001) ("*City of Jackson I*").

¶4. On September 4, 2001, the City filed a Renewed Motion for Relief and Clarification listing additional issues which were not in the original December 1998 motion, such as immunity, statute of limitations, financial windfall, and contribution. On September 19, 2001, Jackson Oaks filed a motion to strike the City's renewed motion on the grounds that it was improper and beyond the scope of relief contemplated by this Court.

¶5.     As instructed by this Court, a hearing on the merits of the City's motion was held on November 15, 2001. On January 25, 2002, finding the first issue moot, the second issue waived and the remaining issues not properly before the court, the chancellor entered an order denying the relief sought in the City's motion for clarification and relief from judgment. The City now timely appeals this denial of Rule 60(b) relief to this Court.

## DISCUSSION

¶6.     When reviewing a grant or denial of a Rule 60(b) motion, this Court will only reverse the ruling of a chancellor upon the finding of abuse of discretion. *Briney v. U.S. Fid. & Guar. Co.*, 714 So. 2d 962, 966 (Miss. 1998); *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984). "Generally, consideration of a Rule 60(b) motion requires that a 'balance . . . be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality.'" *Id.* at 221. *See also* *Pointer v. Huffman*, 509 So.2d 870, 876 (Miss. 1987); *Guaranty Nat. Ins. Co. v. Pittman*, 501 So.2d 377, 388 (Miss. 1987).  Further, Rule 60(b) motions should be denied where they are merely an attempt to relitigate the case. *Id.* (citing *Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378 (2d Cir. 1966)).

¶7.     Rule 60(b) of the Mississippi Rules of Civil Procedure provides the grounds on  which a judgment or order may be set aside.  Finding that neither party provides any grounds for relief under Rule 60(b)(1)-(5), we will decide this case under the "catch-all" provision of Rule 60(b)(6).  In pertinent part, that rule states as follows:

> (b) **Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
> . . . .
> (6) *any other reason justifying relief from the judgment.*
> *The motion shall be made within a reasonable time,* and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.

3

(emphasis added). Relief under Rule 60(b)(6) is reserved for "extraordinary and compelling circumstances." *Sartain v. White*, 588 So.2d 204, 212 (Miss. 1991); *State ex rel. Miss. Bureau of Narcotics v. One (1) Chevrolet Nova Auto.*, 573 So.2d 787, 790 (Miss. 1990). This Court has pointed to "this catch-all [Rule 60(b)(6)] as a 'grand reservoir of equitable power to do justice in a particular case....'" *Burkett v. Burkett*, 537 So.2d 443, 445 (Miss. 1989) (quoting *Bryant, Inc. v. Walters*, 493 So.2d 933, 939 (Miss. 1986)). *See also Briney*, 714 So.2d at 966; *Lose v. Ill. Cent. Gulf R.R.*, 584 So.2d 1284, 1286 (Miss. 1991).

¶8. The City of Jackson refers to its renewed motion for relief or clarification filed on September 4, 2001. However, based on a previous ruling by this Court in *City of Jackson I*, the chancellor declined to consider the additional issues raised in the City's renewed motion. In its instructions to the chancellor on remand, this Court stated:

> For these reasons, we reverse the order of the Hinds County Chancery Court denying the *City of Jackson's Motion for Clarification and Relief from Judgment* as untimely, and we remand this case to that court with directions that it *consider and rule on the merits of that motion*.

*Id.* at 986 (emphasis added). Based on this Court's directive in *City of Jackson I*, the chancellor was correct in only considering the merits of the City's December 1998 motion. Accordingly, this Court will only consider the two issues raised in the original motion.

¶9. The City of Jackson argues the chancellor erred in denying its motion for clarification and relief from judgment pursuant to Rule 60 after our remand in *City of Jackson I*. The City's first assignment of error is that the chancellor erred in finding the amount received by Jackson Oaks in its settlement with John Hancock was moot. The City argues the chancellor failed to consider any fees or settlements Jackson Oaks may have received from John Hancock. Jackson Oaks argues this issue is moot because Jackson Oaks

4

tendered a check in the amount of $10,000.00 to the City. Jackson Oaks states the check represents the entire amount paid to Jackson Oaks in the settlement with John Hancock. The City did not dispute the fact that John Hancock paid some amount to Jackson Oaks in its settlement; however, the City argued the chancellor abused his discretion by failing to consider any other fees which Jackson Oaks may have received from John Hancock. The chancellor agreed with Jackson Oaks' argument that the check represented the entire amount of the settlement, and likewise found the issue to be moot. *See **Pickering v. Industria Masina I Traktora (IMT)**,* 740 So.2d 836, 840 (Miss. 1999)(Trial court correctly calculated and granted credit for the settlement with the co-defendants); ***Whittley v. City of Meridian***, 530 So.2d 1341, 1346 (Miss. 1988).

¶10.    We find that the chancellor did not abuse his discretion in denying relief from the judgment regarding this issue. The City requested that the chancellor consider the settlement Jackson Oaks received from John Hancock. Jackson Oaks then tendered the entire settlement amount received from John Hancock to the City. Therefore, we agree this issue is moot.

¶11.    The City of Jackson's second assignment of error is that the chancellor failed to address the issues raised by the City in its Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. On September 3, 1996, the City of Jackson filed its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. The chancellor heard oral arguments on this motion on October 30, 1996. On May 9, 1997, the chancellor concluded that he would refrain from considering the City's motion "pending the movant's express renewal of its motion." The City argues the chancellor never discussed the issues of the running of the statute of limitations or sovereign immunity. The City contends this motion was renewed on April 13, 1998, the day the trial was scheduled to begin. Jackson Oaks argues this motion was never renewed, nor was evidence submitted regarding either theory at trial.

¶12. On April 13, 1998, the day this matter was set for trial, the chancellor heard motions from all parties. The City presented two motions. The first motion was for a continuance. The second motion was to "renew our motion for summary judgment previously filed in this matter, and the Court refrained from ruling on it in May of '97, I believe." The chancellor heard arguments from both sides and denied the City's motion for summary judgment.

¶13. The chancellor incorrectly stated the City failed to renew its motion for summary judgment. However, because the chancellor had previously ruled on this issue, the City of Jackson's argument lacks merit.

> Rule 60(b) is not an escape hatch for litigants who had procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies. *King v. King*, 556 So.2d 716, 722 (Miss. 1990) (Robertson, J., concurring). "Rule 60(b) is designed for the extraordinary, not the common place." *Id.*

*One (1) Chevrolet Nova Auto.*, 573 So.2d at 790. Rule 60(b) motions should be denied when they are merely an attempt to relitigate a case. *Stringfellow*, 451 So. 2d at 221. The City did, in fact, renew its motion for summary judgment. Because the chancellor heard arguments on the merits after the motion was renewed, we find the chancellor did not abuse his discretion in denying relief from the judgment.

## CONCLUSION

¶14. The chancellor did not abuse his discretion in denying the City's motion for clarification or relief from the judgment. The chancellor was correct in finding that the issue of credit for the John Hancock settlement was moot. Although the chancellor incorrectly found the City failed to renew its previously filed motion for summary judgment, the chancellor had previously denied this motion after hearing arguments on the merits. Accordingly, the chancellor's denial of the City of Jackson's Miss. R. Civ. P. 60(b) motion for relief is affirmed.

6

¶15.    **AFFIRMED.**

   **PITTMAN, C.J., McRAE AND SMITH, P.JJ., COBB, DIAZ, EASLEY AND GRAVES, JJ., CONCUR.  WALLER, J., NOT PARTICIPATING.**