GRIFFIS, J.,
dissenting:
¶ 25. Relief from a judgment for newly discovered evidence, under Rules 59 and 60 of the Mississippi Rules of Civil Procedure, is an extraordinary remedy. I find that the Goodes and Hueys failed to submit sufficient evidence to establish their entitlement to such relief. Therefore, I conclude that the trial court was within its discretion, and I respectfully disagree with the majority’s holding.
¶ 26. In Moore v. Jacobs, the Mississippi Supreme Court established the criteria for a trial court to grant a motion for new trial based on newly discovered evidence. The court held:
A motion for a new trial (based on new evidence) is an extraordinary motion, and the requirements of the rule must be strictly met. (Citations omitted). The motion may not be granted unless (1) the evidence was discovered follow *668 ing the trial; (2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; (5) the evidence is such that a new trial would probably produce a new result. Ag Pro, Inc. v. Sakraida, 512 F.2d 141, 143 (5th Cir.1975), rev’d on other grounds, 425 U.S. 273, 96 S.Ct. 1532, 47 L.Ed.2d 784 (1976), cited with approval in Diaz v. Methodist Hosp., 46 F.3d 492, 495[2] (5th Cir.1995).
Moore v. Jacobs, 752 So.2d 1013, 1017(¶ 18) (Miss.1999) (emphasis added).
¶ 27. To prevail, “a party asking for a new trial on the ground of newly discovered evidence must satisfy the [trial] court that the evidence has come to his knowledge since the trial and that it was not owing to a want of diligence on his part that it was not discovered sooner.” Sullivan v. Heal, 571 So.2d 278, 281 (Miss.1990). “Facts implying reasonable diligence must be provided by the movant.” N.L.R.B. v. Jacob E. Decker & Sons, 569 F.2d 357, 363-64 (5th Cir.1978). The determinative question, in my opinion, is whether the Goodes and Hueys prudently pursued discovery that, if they had, could have identified the “new evidence” prior to the trial.
¶ 28. George Frayser’s affidavit states that he worked for Synergy when he performed work on the Goodes’ hot water heater and gas supply system. Frayser apparently admits that he made and installed the “ventura” plate that was attached to the hot water heater.
¶ 29. There is no dispute that fire consumed the Goodes’ home resulting in the tragic death of Brittany Huey. Over two years passed from the date of this unfortunate incident and the trial of this case. During this time, the parties conducted extensive discovery.
¶ 30. There were several cause and origin experts who investigated the incident and offered their opinions. The Goodes and Hueys hired Dave Berry, Jr. to investigate the incident and testify as a cause and origin expert witness. Berry concluded that the ventura plate was of no significance in his investigation and was not the cause of the fire. Instead, the Goodes and Hueys theory of liability was consistent with Berry’s conclusion and was, in essence, that the Goodes told Synergy’s employees they smelled gas and Synergy was negligent because it did nothing to investigate or solve the problem.
¶ 31. Synergy’s theory was that the fire was caused by a homemade ventura plate, which was attached to the Goodes’ hot water heater. The Goodes’ and Hueys’ attorneys were aware of Synergy’s theory for quite some time. At trial, the parties presented different theories as to the cause and origin of the fire. However, as part of the motion for new trial, the Goodes and Hueys did not outline or discuss what, if anything, they did to investigate Synergy’s theory.
¶ 32. The Goodes’ and Hueys’ motion for new trial included a copy of their first interrogatories and Synergy’s response. They argue that Synergy did not identify Frayser. However, the Goodes and Hueys do not contend that Synergy’s responses were false or misleading. Upon reading Synergy’s interrogatory response, it is clear that Synergy did not know who altered the hot water heater. Synergy was *669 not the manufacturer of the hot water heater. Synergy did not sell or install the hot water heater. Synergy did not typically service hot water heaters. Synergy consistently maintained that it provided the propane supply tank, and its contact with the Goodes was through regularly filling the tank. Synergy’s records did not indicate any work performed by its employees on the Goode’s hot water heater.
¶ 33. To establish the due diligence element under Moore v. Jacobs, the Goodes and Hueys simply make a general statement that they conducted a diligent search for anyone with knowledge regarding the lawsuit and that in discovery Synergy never informed them of Frayser. I believe this element requires more than simply filing initial interrogatories. The Goodes’ and Hueys’ attorneys provided no evidence or description of their investigation into Synergy’s theory. They provided no evidence that they even attempted to determine who was responsible for making or installing the ventura plate. The record is silent as to what exactly the Goodes and Hueys did to locate the person or entity responsible for the ventura plate or the identity of anyone who may have had access to work on the Goodes hot water heater.
¶ 34. The Goodes and Hueys did not provide the trial court with specific references to any supplemental discovery requests, deposition questions or testimony, correspondence between counsel, or any other effort to investigate the identity of the person or entity who could have made or installed the homemade ventura plate on the Goodes’ water heater. The majority relies on the fact that the Goodes’ and Hueys’ attorneys deposed every person identified in the interrogatory response. However, the Goodes and Hueys failed to attach deposition questions or testimony where they sought to determine the identity of Frayser or any other person who could have installed the ventura plate. Due diligence requires that they not simply depose everyone, but that they ask questions to try to elicit the information. Since this was Synergy’s sole theory of the case, I believe that due diligence required the Goodes and Hueys to have undertaken such discovery and investigation. However, based on the record before us, it appears that they did not.
¶ 35. My criticism of the majority’s holding is that they have established the bar much too low for this type of extraordinary relief. Based on the majority’s holding, the filing of initial interrogatories is sufficient to satisfy the due diligence requirement of Moore v. Jacobs. Therefore, this decision effectively erases the element of due diligence to discover the evidence prior to trial.
¶ 36. A plaintiff cannot fail to investigate important information and then attempt to assert that information as new evidence at the end of the trial. Diaz v. Methodist Hospital, 46 F.3d 492, 496 (5th Cir.1995). The Goodes’ hot water heater had been installed over twenty-five years before this incident. Synergy’s theory of the cause of the fire was that someone had tampered with the hot water heater. In Diaz the Fifth Circuit stated, “we believe a prudent litigant would independently investigate such a pivotal issue and be less than willing to adopt blindly the statement of the opposing party.” Id. Certainly, diligence required that the Goodes and Hueys conduct an exhaustive search for any person or entity who worked on or tampered with the hot water heater. I cannot accept that the Goodes’ and Hueys’ reliance on the filing of the initial interrogatories alone as sufficient to establish their due diligence. The failure to investigate known possibilities of the cause of the fire *670 can hardly be deemed a “due diligent” investigation.
¶ 37. In my opinion, the Goodes and Hueys failed to establish due diligence to discover the new evidence. Therefore, I cannot conclude that the trial judge abused his discretion in denying the motion for new trial. I would affirm the trial court’s ruling.
SOUTHWICK, P.J., JOINS THIS SEPARATE OPINION.
EXHIBIT
IN THE CIRCUIT COURT OF MARSHALL COUNTY, MISSISSIPPI
BARRY AND RENEE HUEY, ADMINISTRATORS OF THE ESTATE OF BRITTANY HUEY; ANY AND ALL WRONGFUL DEATH BENEFICIARIES OF BRITTANY HUEY, PLAINTIFFS, VS. SYNERGY CORPORATION, DEFENDANT.
CAUSE NO. M98-421.
AFFIDAVIT OF GEORGE FRAZIER
1. My name is George Frasier. I am over the age of twenty-one (21), have first hand knowledge and I am competent to testify as to the matters contained herein.
2. I worked for Synergy Corporation from 1971 until 1995. I worked as a Driver/Service.
3. As an employee of Synergy Corporation, I have occasionally serviced the home of C.E. “Bug” and Darene Goode.
4. On one or more occasions, I performed service work on the gas supply system inside the home and on the hot water heater.
5. I reviewed and replaced a gas supply line.
6. I also inspected the hot water heater located in the utility room.
7. I manufactured a plate that attached to the ventura, and controlled the air/gas mixture.
8. I was shown this plate and I am positive that I was the person that made and installed this plate.
9. A photograph of the plate is attached as Exhibit “A” to this affidavit.
10. Again, I made this plate and installed it at the Goode home.
11. When I did, I was acting in the scope and course of my employment with Synergy Corporation.
12. Neither C.E. “Bug” Goode, nor Darene Goode, participated or helped me make this plate.
13. To the best of my recollection, C.E. “Bug” Goode, nor Darene Goode, oversaw my actions.
14. I am positive that neither Barry, nor Renee Huey, were present at the Goode home when I made these alterations.
15. I heard of the case of Huey, et al. v. Synergy Corporation after the trial had been concluded.
16. I heard that Synergy Corporation denied altering the hot water heater and installing this plate. I know that this is not true because I installed it.
17. I then voluntarily contacted the Goodes to tell them the truth.
18. There has been a delay in presenting this affidavit because I wanted to see the plate (not just a photograph). I wanted to be sure that I *671 did it, as I recalled that I did. I wanted to see the actual plate. It is my understanding that there was a delay since the plate had to be retrieved from the attorneys.
19. No one has influenced me to give this affidavit. I am doing it because I believe that it is the right thing to do.
20. Further, affiant sayeth not.
/s/ George Frayser
GEORGE FRAYSER
SWORN TO AND SUBSCRIBED BEFORE ME, this the 21 day of March, 2001.
/s/ Rachel H. Broch
NOTARY PUBLIC
My Commission Expires:
8/18/2002.

. The Supreme Court has recognized that these elements govern our consideration of this appeal, because the construction of the Mississippi rules concerning newly discovered evidence is nearly identical to the federal rules. State ex rel. Mississippi Bureau of Narcotics v. One Chevrolet Nova Automobile, 573 So.2d 787, 789 (Miss.1990).